1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ALEX TOMEK,                         No. 2:11-cv-02700-MCE-DAD

12          Plaintiff,

13      v.                               <u>MEMORANDUM AND ORDER</u>

     APPLE, INC.,
14
            Defendant.
15

16                         ----oo0oo----

17

18      Plaintiff Alex Tomek ("Plaintiff") initiated this action

19   against Defendant Apple, Inc. ("Defendant") alleging state law

20   violations arising primarily out of Plaintiff's claim that a

21   computer he purchased from Defendant was defective.  Presently

22   before the Court is Defendant's Motion to Dismiss Plaintiff's

23   First Amended Complaint ("FAC").  For the following reasons,

24   Defendant's Motion to Dismiss is GRANTED with leave to amend.[1]

25   ///

26

27       [1] Because oral argument will not be of material assistance,
     the Court ordered this matter submitted on the briefing.  E.D.
28   Cal. Local Rule 230(g).

                                1

**BACKGROUND[2]**

Plaintiff alleges that on February 15, 2011, Defendant unveiled the 2011 MacBook Pro ("MacBook"), a computer Defendant purportedly touted as generating "huge leaps in performance." According to Plaintiff, Defendant promised, among other things, that:

> [The MacBook Pros] run applications up to twice as fast as their top-of-the-line predecessors.
>
> They perform up to twice as fast as the previous generation, breezing through demanding tasks like editing HD video.
>
> Say you're using a processor-intensive application like Aperture 3 or Final Cut Pro that benefits from extra power...By shifting core frequency in smaller increments than before, it allows the processor to manage performance without sacrificing efficiency.  All this takes place behind the scenes, so your work just goes smoother and faster.
>
> Even with faster processors and graphics, the new MacBook Pro lasts an amazing 7 hours on a single charge.
>
> [Y]ou can expect to surf the web wirelessly for up to 7 hours on a single charge.  Or take your entire creative studio on the road for live performances or a location shoot.

FAC, ¶¶ 6, 7, 9.  The above statements are accompanied by the caveat, however, that "[b]attery life and charge cycles vary by use and settings."  Declaration of Alexei Klestoff, ¶¶ 2-3, Exhs. A, B.[3]

---

[2] The following facts are derived, at times verbatim, from Plaintiff's Complaint.

[3] These additional statements, though not quoted in the FAC, are the proper subjects of judicial notice.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no

1    Plaintiff purchased a MacBook on February 28, 2011, just

2 shortly after its release.  After purchasing his new computer,

3 Plaintiff found that the product's battery was not charging under

4 certain conditions, such as when the computer was fully utilizing

5 processors meant for streaming movies, playing video games or

6 editing video.  More specifically, Plaintiff discovered, and

7 reported to Defendant in July of 2011, that his battery was

8 draining power even when the machine was plugged into an external

9 power source via the AC adapter.  Plaintiff further contends

10 that, in approximately August of 2011, his power adapter failed

11 to supply sufficient power to the MacBook so much so that the

12 computer's battery drained to zero, causing the machine to shut

13 down.  Plaintiff then had to spend twenty minutes recharging his

14 battery and had to re-copy media on a video editing job he was

15 performing.  Plaintiff believes other consumers may have

16 experienced a similar situation where their MacBooks stopped

17 functioning properly, or at all for that matter, and that the

18 machines' battery cycle counts may be caused to increase under

19 the above conditions.

20    According to Plaintiff, when Defendant has been notified

21 that the MacBook battery may drain even when the system is

22 plugged in, Defendant's customer service representatives have

23 advised customers that this is how the MacBook is designed and

24 that there is no resolution for the issue.

25

26 party questions, but which are not physically attached to the
   pleading, may be considered in ruling on a Rule 12(b)(6) motion
27 to dismiss."); see also Berenblat v. Apple Inc., 2009 WL 2591366,
   *2 n.3 (N.D. Cal.); Hoey v. Sony Elecs., Inc., 515 F. Supp. 2d
28 1099, 1103 (N.D. Cal.).

Indeed, when Plaintiff himself contacted Defendant, as mentioned above, Plaintiff was transferred to a Senior Engineer Support Representative, who advised Plaintiff, via what Plaintiff believes was a scripted response, that "[t]his battery issue was expected behavior" and Defendant "[did] not have a fix."

Consequently, on September 9, 2011, Plaintiff initiated this action against Defendant in state court.  Defendant subsequently removed the case to this Court, after which Plaintiff filed his FAC, alleging causes of action for: 1) Products Liability - Negligence; 2) Products Liability - Defect in Design, Manufacture, and Assembly; 3) Products Liability - Breach of Express and Implied Warranty; 4) Intentional Misrepresentation; 5) Negligent Misrepresentation; 6) Fraud and Concealment; 7) Violation of California's Unfair Competition Law, California Business & Professions Code § 17200 ("UCL"); 8) Violation of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. ("CLRA"); and 9) Money Had and Received.  On March 26, 2012, Defendant moved to dismiss Plaintiff's FAC.  For the following reasons, Defendant's Motion is GRANTED with leave to amend.

///
///
///
///
///
///
///
///

4

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" <u>Bell. Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. <u>Id.</u> However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Sciences Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted).

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

5

1   "Factual allegations must be enough to raise a right to relief

2   above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

3       Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather

4   than a blanket assertion, of entitlement to relief."  <u>Twombly</u>,

5   550 U.S. at 556 n.3 (internal citations and quotations omitted).

6   "Without some factual allegation in the complaint, it is hard to

7   see how a claimant could satisfy the requirements of providing

8   not only 'fair notice' of the nature of the claim, but also

9   'grounds' on which the claim rests."  <u>Id.</u>  (citation omitted).  A

10  pleading must contain "only enough facts to state a claim to

11  relief that is plausible on its face."  <u>Id.</u> at 570.  If the

12  "plaintiffs...have not nudged their claims across the line from

13  conceivable to plausible, their complaint must be dismissed."

14  <u>Id.</u>  However, "a well-pleaded complaint may proceed even if it

15  strikes a savvy judge that actual proof of those facts is

16  improbable, and 'that a recovery is very remote and unlikely.'"

17  <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

18      Under Rule 9(b), however, a party alleging fraud or

19  intentional misrepresentation must satisfy a heightened pleading

20  standard by stating with particularity the circumstances

21  constituting fraud.  Fed. R. Civ. P. 9(b).  Specifically,

22  "[a]verments of fraud must be accompanied by 'the who, what,

23  when, where, and how' of the misconduct charged."  <u>Vess v. Ciba-</u>

24  <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting

25  <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).  Further,

26  "a plaintiff must set forth more than the neutral facts necessary

27  to identify the transaction.  The plaintiff must set forth what

28  is false or misleading about a statement, and why it is false."

6

1  Id. (quoting <u>Decker v. GlenFed, Inc.</u>, 42 F.3d 1541, 1548

2  (9th Cir. 1994).

3       A court granting a motion to dismiss a complaint must then

4  decide whether to grant a leave to amend.  Leave to amend should

5  be "freely given" where there is no "undue delay, bad faith or

6  dilatory motive on the part of the movant,...undue prejudice to

7  the opposing party by virtue of allowance of the amendment, [or]

8  futility of the amendment...."  <u>Foman v. Davis</u>, 371 U.S. 178, 182

9  (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048,

10 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to be

11 considered when deciding whether to grant leave to amend).

12 Dismissal without leave to amend is proper only if it is clear

13 that "the complaint could not be saved by any amendment."  <u>Intri-</u>

14 <u>Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056

15 (9th Cir. 2007) (internal citations and quotations omitted).

16

17                              **ANALYSIS**

18    **A.    Defendant's Motion to Dismiss Plaintiff's**
             **Misrepresentation, Fraudulent Concealment, UCL and CLRA**
19           **claims.**

20

21       Defendant moves to dismiss Plaintiff's fourth through eighth

22 causes of action on the basis that Plaintiff has failed to

23 adequately plead actionable misrepresentations or omissions.

24 These fraud-based causes of action are subject to review pursuant

25 to Rule 9(b)'s heightened pleading standard.

26 ///

27 ///

28 ///

                                    7

See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL claims predicated on alleged misrepresentations).  Especially given this heightened standard of review, Plaintiff's instant claims fail.

### 1.   Plaintiff's Common Law Claims.

Defendant first moves to dismiss Plaintiff's common law claims for intentional and negligent misrepresentation and for fraud and concealment.  "To state a claim for fraud or intentional misrepresentation under California law, a Plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."  Baltazar v. Apple, Inc., 2011 WL 588209, *3 (N.D. Cal.) ("Baltazar I").  "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance."  Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).  In stating a negligent misrepresentation claim, Plaintiff must nonetheless allege he actually relied upon Defendant's purported misrepresentations. Id.  "Thus, the mere assertion of 'reliance' is insufficient.

///

///

8

The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." <u>Id.</u>  Similarly, to state an actionable omission or concealment claim, Plaintiff "must allege specifically a representation actually made by the defendant that is contrary to the omission, or an omission of a fact that the defendant was obliged to disclose." <u>Baltazar v. Apple, Inc.</u>, 2011 WL 3795013, *5 (N.D. Cal.) ("<u>Baltazar II</u>") (<u>citing</u> <u>Daughtery v. American Honda Motor Co.</u>, 144 Cal. App. 4th 824, 835 (2006)).

The crux of each of Plaintiff's fraud-based claims is that Defendant misrepresented or concealed the fact that, under certain conditions, even if the MacBook is plugged in, the AC adapter does not charge the battery, and the computer thus simultaneously uses power from both the adapter and its internal power source.  Nowhere in the FAC, however, is it alleged that Defendant made any affirmative representation to the contrary. Moreover, the FAC also lacks any other affirmative allegations Plaintiff plausibly claims were false.

For example as to the latter point, all of Plaintiff's complaints regarding Defendant's battery-related promises fail because Defendant expressly disclosed that "[b]attery life and charge cycles vary by use and settings."  Klestoff Decl., Exhs. A, B; <u>Maloney v. Verizon Internet Servs., Inc.</u>, 413 F. App'x 997, 999-1000 (9th Cir. 2011) (finding that a "reasonable consumer would not have been deceived by statements, which included the qualifier 'up to' (meaning the same or less than) and an explanation that each consumer's maximum speed would vary depending on several...factors.").

1  Given Defendant's disclaimer regarding battery life, Plaintiff
2  has also failed to allege he relied on any alleged battery-
3  related misrepresentation or omission.

4       Perhaps realizing the weakness inherent in his FAC,
5  Plaintiff argues in Opposition primarily that a number of
6  Defendant's marketing statements going to the MacBook's
7  performance speed and capabilities are rendered false because the
8  MacBook does not perform at all if it shuts down when its battery
9  is drained.  The problem with this argument is that the
10 statements Plaintiff relies upon in support of his claims are
11 either not alleged to be false themselves or are comprised merely
12 of puffery.  For example, Plaintiff alleges that Defendant
13 advertised the MacBook performance was "up to twice as fast as
14 the previous generation, breezing through demanding tasks like
15 editing HD video" and that "with up to 1 GB of dedicated CDDR5
16 video memory, these processors provide up to 3x faster
17 performance than the previous generation."  FAC, ¶¶, 6, 25.
18 Nowhere in the FAC, however, does Plaintiff allege that the
19 MacBook is not in fact "up to twice as fast as the previous
20 generation" or that the processors do not "provide up to 3x
21 faster performance," even assuming the computer shuts down under
22 the unique circumstances Plaintiff alleges.  Plaintiff's
23 remaining allegations, which go to such statements by Defendant
24 that the MacBook is a "breakthrough, through and through" and
25 that it provides for "huge leaps in performance" are puffery and
26 cannot provide a basis for Plaintiff's instant claims.
27 ///
28 ///

1  See <u>Anunziato v. eMachines, Inc.</u>, 402 F. Supp. 2d 1133, (C.D.

2  Cal. 2005) ("Generalized, vague, and unspecified assertions

3  constitute 'mere puffery' upon which a reasonable consumer could

4  not rely.") (citing <u>Glen Holly Entertainment, Inc. v. Tektronix</u>

5  <u>Inc.</u>, 343 F.3d 1000, 1015 (9th Cir. 2003)).

6       Ultimately, Plaintiff's claims fail as pled because he never

7  alleges that Defendant promised the MacBook would operate other

8  than as it did, nor does Plaintiff allege with sufficient

9  particularity that Defendant had a duty to disclose any

10  purportedly concealed fact (<u>e.g.</u>, that, under certain conditions,

11  if the battery power is low enough, the MacBook may shut down

12  even if plugged in via an AC Adapter).  See <u>Baltazar II</u>, 2011 WL

13  3795013, *5 (no claim for fraudulent omission when Defendant's

14  advertisements depicted iPad being used outdoors but the product

15  allegedly would not function without interruption under all

16  external conditions).  Plaintiff likewise fails to adequately

17  plead Defendant actually concealed any purported defect from

18  Plaintiff at the time he purchased his MacBook or that Plaintiff

19  would not have purchased the product absent any misrepresentation

20  or omission.  See <u>Hovespian v. Apple, Inc.</u>, 2009 WL 259*1445, *3

21  (N.D. Cal.) (general allegations regarding concealment

22  insufficient).  Accordingly, Defendant's Motion to Dismiss

23  Plaintiff's fraud and concealment claim is GRANTED with leave to

24  amend.

25  ///

26  ///

27  ///

28  ///

1           **2.   Plaintiff's Statutory Claims.**

2

3        Plaintiff's statutory claims, each of which, as pled, is

4   wholly dependent on the viability of Plaintiff's

5   misrepresentation and concealment claims, fail for the same

6   reason as did their common law claims.  California's UCL makes

7   actionable "any unlawful, unfair or fraudulent business act."

8   Cal. Bus & Prof. Code § 17200.  "An act can be alleged to violate

9   any or all of the three prongs of the UCL-unlawful, unfair, or

10  fraudulent."  Berryman v. Merit Prop. Mgmt., Inc.,

11  152 Cal. App. 4th 1544, 1554 (2007).  Causes of action arising

12  out of the "unlawful" prong "borrow[] violations of other laws

13  and treat[] them as unlawful practices that the unfair

14  competition law makes independently actionable."  Cal-Tech

15  Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.

16  4th 163, 180 (1999).  "A UCL claim predicated on unfair business

17  practices may be grounded upon a violation of a statute or be a

18  standalone claim based on an alleged act that violates

19  established public policy or if it is immoral, unethical,

20  oppressive, or unscrupulous and causes injury to consumers which

21  outweighs its benefits."  Hovsepian, 2009 WL 5069144, *4

22  (internal citations and quotations omitted).  "A claim based upon

23  the fraud prong may be brought based upon conduct akin to common-

24  law fraud or an alleged course of conduct that is likely to

25  deceive the public."  Id.

26       For its part, the CLRA prohibits "unfair methods of

27  competition and unfair or deceptive acts or practices."  Cal.

28  Civ. Code § 1770.

                                12

1 "The CLRA proscribes both active misrepresentations about the
2 standard, quality, or grade of goods, as well as active
3 concealment related to the characteristics or quality of goods
4 that are contrary to what has been represented about the goods."
5 Morgan v. Harmonix Music Sys., Inc., 2009 WL 2031765, *3 (N.D.
6 Cal.).

7      As already discussed above, Plaintiff has failed to plead
8 the existence of any actionable misrepresentation or omission,
9 let alone a violation of a law or other unfair or fraudulent
10 practice, capable of supporting a cause of action for violation
11 of either the UCL or the CLRA.  See, e.g., Baltazar I, 2011 WL
12 588209, *4-5 (failure to adequately allege misrepresentation,
13 omission or other wrongdoing fatal to UCL and CLRA claims);
14 Berenblat v. Apple, 2009 WL 2591366, *5 (N.D. Cal.) (failure to
15 disclose defect in product that nonetheless performs as warranted
16 during the warranty period does not provide basis for UCL
17 violation).  Accordingly, Defendant's Motion to Dismiss
18 Plaintiff's statutory claims is GRANTED with leave to amend.

19

20      **B.   Defendant's Motion to Dismiss Plaintiff's Breach of
           Warranty claims.**

21

22      Defendant also moves to dismiss both Plaintiff's Breach of
23 Express Warranty and his Breach of Implied Warranty of
24 Merchantability causes of action.[5]

25

26      [5] By way of his Opposition, Plaintiff appears to abandon any
27 argument he might have had that he has stated a claim for the
   Breach of the Implied Warranty of Fitness for a Particular
   Purpose.  See Cal. Civ. Code § 1792.1.  Given Plaintiff's
28 apparent admission that he does not state such a claim, the Court

13

1  Defendant's Motion is well-taken, and each of Plaintiff's breach
2  of warranty causes of action is dismissed with leave to amend.

3      First, "[t]o plead an action for breach of express warranty
4  under California law, a plaintiff must allege: (1) the exact
5  terms of the warranty; (2) reasonable reliance thereon; and (3) a
6  breach of warranty which proximately caused plaintiff's injury."
7  Baltazar I, 2011 WL 588209, *2 (citing Williams v. Beechnut
8  Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986)).  "A plaintiff
9  also must plead that he or she provided the defendant with
10 pre-suit notice of the breach."  Id. (citing Cal. Commercial Code
11 § 2607).

12     The FAC contains no detail regarding the exact terms of any
13 express warranty breached under the facts of this case.
14 According to Plaintiff in his Opposition, the express warranties
15 provided to him by Defendant were violated when his MacBook
16 battery was completely drained, even while connected to an
17 external power source, such that the machine shut down
18 completely. Plaintiff thus claims that the machine is defective,
19 and that express warranties have been breached, because his
20 MacBook ceased to operate at all.  Plaintiff's claim fails,
21 however, because he does not allege he provided Defendant with
22 the requisite pre-suit notice of the purported shutdown issue.
23 To the contrary, while Plaintiff contacted Defendant regarding
24 the MacBook's simultaneous use of power from both the battery and
25 the AC adapter in July of 2011, he does not allege his computer
26 shut down until the following month.

27  ────────────────────
28 now construes the FAC as not bringing such a cause of action and
   denies Defendant's Motion as to this claim as moot.

                              14

1  Accordingly, Plaintiff's Breach of Express Warranty cause of

2  action fails and Defendant's Motion is GRANTED with leave to

3  amend as to this cause of action.

4       Plaintiff's Breach of Implied Warranty of Merchantability

5  claim fares no better.  Pursuant to California law, "every sale

6  of consumer goods that are sold at retail in [California] shall

7  be accompanied by the manufacturer's and the retail seller's

8  implied warranty that the goods be merchantable."  Cal. Civ. Code

9  § 1792.  "Goods in conformity with the implied warranty of

10  merchantability: (1) Pass without objection in the trade under

11  the contract description; (2) Are fit for the ordinary purposes

12  for which such goods are used; (3) Are adequately contained,

13  packaged, and labeled; and (4)Conform to the promises or

14  affirmations of fact made on the container or label."

15  Baltazar I, 2011 WL 588209 *2 (quoting Cal. Civ. Code

16  § 1791.1(a)) (internal quotations and alternations omitted).

17  "The implied warranty of merchantability does not 'impose a

18  general requirement that goods precisely fulfill the expectation

19  of the buyer.  Instead, it provides for a minimum level of

20  quality.'"  Berenblat, 2009 WL 2591366, *3 (quoting Am. Suzuki

21  Motor Corp. v. Super. Ct., 37 Cal. App. 4th 1291, 1295 (1995)).

22       Defendant correctly argues in its Motion that Plaintiff

23  fails to allege the MacBook is not fit for ordinary use.  First

24  and foremost, Plaintiff has failed to sufficiently identify what

25  functions comprise the "ordinary purpose" of the MacBook.

26  ///

27  ///

28  ///

1   In response, Plaintiff argues that Defendant breached the implied

2   warranty because, if the battery drains to the point where the

3   system shuts down, the computer cannot be used at all, rendering

4   it unfit for any use, let alone ordinary use.  However,

5   Plaintiff's allegations that, under unique circumstances, namely

6   "heavy loads" undertaken when the battery is already low, the

7   MacBook may shut down, and that his computer shut down once over

8   the course of a six month period, are insufficient as a matter of

9   law to state a claim that the MacBook is not fit for ordinary

10  use.  See Baltazar II, 2011 WL 3795013, *3-4 (N.D. Cal.).

11  Defendant's Motion to Dismiss Plaintiff's Breach of the Implied

12  Warranty of Merchantability is thus GRANTED with leave to amend.

13

14        **C.    Defendant's Motion to Dismiss Plaintiff's Negligence
                and Defective Design, Manufacture and Assembly claims.**

15

16        Defendant next moves to dismiss Plaintiff's negligence-based

17  causes of action as barred by the economic loss rule.  See

18  Sacramento Regional Transit Dist. v. Grumman Flxible, 158 Cal.

19  App. 3d 289, *293 (1984) ("[W]here damage consists solely of

20  'economic losses,' recovery on a theory of products liability is

21  precluded.").  "Economic loss or harm has been defined as

22  'damages for inadequate value, costs or repair and replacement of

23  the defective product or consequent loss of profits - without any

24  claim of personal injury or damages to other property."  Id. at

25  294 (internal citations and quotations omitted).

26  ///

27  ///

28  ///

1  Accordingly, because Plaintiff fails to allege any physical
2  injury to property or person apart from the "manifestation of the
3  defect itself," Defendant argues Plaintiff's first two causes of
4  action must be dismissed.  <u>Id.</u>

5       Plaintiff attempts to salvage these causes of action by
6  arguing that the MacBook's defect causes damage to its battery,
7  which it views as "other property."  Assuming the truth of
8  Plaintiff's allegation for purposes of this Motion, his argument
9  nevertheless must be rejected because, as alleged in the FAC, the
10 battery is an integrated component of the MacBook and is not
11 alleged to be a separate component of property damaged by the
12 "defective" computer itself.  <u>See Jimenez v. Superior Court</u>,
13 29 Cal. 4th 473, 487 (2002) (Kennard, J., concurring);
14 <u>McKinney v. Google, Inc.</u>, 2011 WL 3862120, *8 (N.D. Cal.).
15 Defendant's Motion is thus GRANTED with leave to amend.

16

17      **D.   Defendant's Motion to Dismiss Plaintiff's Money Had and
             Received claim.**
18

19      Finally, Defendant argues Plaintiff's Money Had and Received
20 cause of action fails because Plaintiff failed to plead that
21 Defendant is indebted to him for a sum certain.  "In the common
22 law action of general assumpsit, plaintiffs customarily plead an
23 indebtedness using 'common counts.'"  <u>Johnson v. GMRI, Inc.</u>, 2007
24 WL 1490819, *5 (E.D. Cal.).  "The essential allegations of a
25 common count are (1) a statement of indebtedness in a 'certain
26 sum'; (2) the consideration, <u>i.e.</u>, goods sold, work done, etc.'
27 and (3) nonpayment."
28 ///

1  <u>Id.</u>  Indeed, "[a] cause of action for money had and received is

2  stated if it is alleged the defendant 'is indebted to the

3  plaintiff in a certain sum for money had and received by the

4  defendant for the use of the plaintiff."  <u>Id.</u> (internal citations

5  and quotations omitted).  Because Plaintiff has failed to allege

6  anywhere in the FAC that Defendant owes him any concrete amount,

7  Defendant's argument is well-taken.  Defendant's Motion to

8  Dismiss this cause of action is thus GRANTED with leave to amend.

9

10                          **CONCLUSION**

11

12      For the reasons stated above, Defendants' Motion to Dismiss

13  (ECF No. 29) is GRANTED with leave to amend.  Not later than

14  twenty (20) days following the date this Memorandum and Order is

15  electronically filed, Plaintiff may (but is not required to) file

16  an amended complaint.  If no amended complaint is filed within

17  said twenty (20)-day period, without further notice to the

18  parties, the causes of action dismissed by virtue of this

19  Memorandum and Order will be dismissed with prejudice.

20      IT IS SO ORDERED.

21  Dated: July 10, 2012

22

23                         _____

24                         MORRISON C. ENGLAND, JR.
                           UNITED STATES DISTRICT JUDGE

25

26

27

28

18