UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX TOMEK,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | No. 2:11-cv-02700-MCE-DAD<br><br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Alex Tomek ("Plaintiff") initiated this action against Defendant Apple, Inc. ("Defendant") alleging state law violations arising primarily out of Plaintiff's claim that a computer he purchased from Defendant was defective. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 39.) For the following reasons, Defendant's Motion is GRANTED.[1]  The Court dismisses Plaintiff's first cause of action for products liability without leave to amend and affords Plaintiff one final chance to amend the remaining claims for relief.

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

# BACKGROUND[2]

Plaintiff alleges that on February 15, 2011, Defendant unveiled the 2011 MacBook Pro ("MacBook"), a computer Defendant purportedly touted as generating "huge leaps in performance." According to Plaintiff, Defendant promised, among other things, that:

> [The MacBook Pros] run applications up to twice as fast as their top-of-the-line predecessors.
>
> They perform up to twice as fast as the previous generation, breezing through demanding tasks like editing HD video.
>
> Say you're using a processor-intensive application like Aperture 3 or Final Cut Pro that benefits from extra power . . . By shifting core frequency in smaller increments than before, [Turbo Boost] allows the processor to manage performance without sacrificing efficiency. All this takes place behind the scenes, so your work just goes smoother and faster.
>
> Even with faster processors and graphics, the new MacBook Pro lasts an amazing 7 hours on a single charge.

(SAC ¶¶ 6, 7.) The above statements are accompanied by the caveat, however, that "[b]attery life and charge cycles vary by use and settings." (Declaration of Alexei Klestoff in Support of Apple's Motion to Dismiss Plaintiff's First Amended Complaint ("Klestoff Decl."), ECF No. 29-3 ¶¶ 2-3 & Exs. A, B.)[3] In addition, Plaintiff alleges Defendant promised processor speeds of 2.2 gigahertz.

///

///

---

[2] The following facts are derived, at times verbatim, from Plaintiff's Second Amended Complaint ("SAC"), filed on July 31, 2012. (ECF No. 36.)

[3] These additional statements, although not alleged in the SAC itself, are the proper subject of judicial notice. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by 307 F.3d 1119, 1121 (9th Cir. 2002) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). By its July 11, 2012 Order, the Court granted Defendant's request for judicial notice with respect to Apple's web-page and Apple's press release regarding the MacBook Pro, both of which were cited in Plaintiff's First Amended Complaint. (See ECF No. 35, at 2 n.3.) Plaintiff again cites these documents in the SAC, thus making them a proper subject to judicial notice. (See, e.g., SAC ¶¶ 9, 25.)

Plaintiff purchased a MacBook on February 28, 2011.  After the purchase, Plaintiff found his MacBook's battery was not charging under certain conditions, such as when the computer was fully utilizing processors meant for streaming movies, playing video games, or editing video.  More specifically, Plaintiff discovered, and reported to Defendant in July of 2011, that his battery was draining power even when the machine was plugged into an external power source via the AC adapter.  Defendant's support representative told Plaintiff the battery drain was "expected behavior."  (SAC ¶ 10.)

Plaintiff further contends that, in approximately August of 2011, his power adapter failed to supply sufficient power to the MacBook, allowing the battery to drain to zero and shutting the computer down.  Plaintiff then had to spend twenty minutes recharging his battery before re-copying media on a video editing job he was performing.  Plaintiff believes other consumers may have experienced a similar situation where their MacBooks stopped functioning properly, or at all, and that the machines' battery cycle counts may increase under certain conditions.

Consequently, on September 9, 2011, Plaintiff initiated this action against Defendant in state court.  (ECF No. 3.)  Defendant subsequently removed the case to this Court. (ECF No. 1.)  On March 26, 2012, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] which the Court granted with leave to amend.  (ECF Nos. 29, 35.) On July 31, 2012, Plaintiff filed his SAC, alleging causes of action for: 1) Products Liability - Defect in Design, Manufacture, and Assembly; 2) Intentional Misrepresentation; 3) Fraud and Concealment; 4) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); 5) Violation of California's Consumers Legal Remedies Act, Cal. Civil Code § 1750, et seq. ("CLRA").  (ECF No. 36.)

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

On August 31, 2012, Defendant again moved to dismiss Plaintiff's SAC for failure to state a claim under Rule 12(b)(6).  (ECF No. 39.)  Plaintiff filed his opposition on September 28, 2012.[5]  (ECF No. 40.)

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  Id.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

---

[5] On October 5, 2012, Plaintiff's counsel also filed a Declaration ("Ferrigno Decl.") with a redline of Plaintiff's First Amended Complaint attached as Exhibit A.  (ECF No. 41.)  According to Plaintiff's counsel, the redline shows "the voluminous new factual allegations and all the changes in the Second Amended Complaint."  (Id.)  Defendant requested the Court to strike the Declaration.  (ECF No. 43.)  Pursuant to the Court-ordered briefing schedule, Plaintiff's opposition to Defendant's motion to dismiss was due on September 28, 2012.  (ECF No. 38.)  As stated in the Declaration, "[r]ather than spending pages of its Opposition on . . . citing point by point what is changed about the allegations in [the SAC]," Plaintiff submitted the redline of Plaintiff's First Amended Complaint "for the Court's reference as an aide to allow the Court to draw its own conclusions" with respect to sufficiency of the SAC's factual allegation.  (Ferrigno Decl. ¶ 2.)  As such, the Declaration filed by Plaintiff's counsel on October 5, 2012, is a late-filed supplemental opposition to Defendant's motion to dismiss.  Plaintiff has offered no explanation or justification for the late filing.  Accordingly, Defendant's Request to Strike the Declaration is GRANTED.

In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citation omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 9(b), however, a party alleging fraud or intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

A court granting a motion to dismiss a complaint must then decide whether to grant a leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."

1  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316
2  F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered
3  when deciding whether to grant leave to amend).  Dismissal without leave to amend is
4  proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-
5  Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (internal
6  citations and quotations omitted).

## ANALYSIS

**A. Defendant's Motion to Dismiss Plaintiff's Misrepresentation, Fraudulent Concealment, UCL, and CLRA Claims.**

Defendant moves to dismiss Plaintiff's second through fifth claims on the basis that Plaintiff has failed to adequately plead actionable misrepresentations or omissions. These fraud-based claims are subject to review pursuant to Rule 9(b)'s heightened pleading standard.  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL claims predicated on alleged misrepresentations).  Especially given this heightened standard of review, Plaintiff's instant claims fail.

**1.    Plaintiff's Common Law Claims.**

Defendant first moves to dismiss Plaintiff's common law claims for intentional misrepresentation and fraud and concealment.  "To state a claim for fraud or intentional misrepresentation under California law, a Plaintiff must allege: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."

6

Baltazar v. Apple, Inc., 2011 WL 588209, at *3 (N.D. Cal. Feb. 10, 2011) ("Baltazar I"). Similarly, to state an actionable omission or concealment claim, Plaintiff "must allege specifically a representation actually made by the defendant that is contrary to the omission, or an omission of a fact that the defendant was obliged to disclose." Baltazar v. Apple, Inc., 2011 WL 3795013, at *5 (N.D. Cal. Aug. 26, 2011) ("Baltazar II") (citing Daughtery v. American Honda Motor Co., 144 Cal. App. 4th 824, 835 (2006)).

Plaintiff's fraud-based claims continue to rest on allegations that Defendant misrepresented or concealed that the MacBook's battery drains under certain conditions. Plaintiff alleges this happens even if the computer's AC adapter is plugged into a power source, which resulted in his computer shutting down once in August 2011. According to Plaintiff, this shutdown prevented his computer from operating at certain minimum speeds, as Defendant promised. While the SAC rewords and repeats these allegations from the FAC, it does nothing to add to them.

First, the SAC is devoid of any facts demonstrating that Defendant ever represented to Plaintiff that the MacBook Pro's battery would not drain under certain circumstances, even if plugged into an external power source, resulting in a shutdown. In fact, Defendant's support representative told Plaintiff the battery drain was "expected behavior." (SAC ¶ 10.) The SAC does not put forth a representation by Defendant to the contrary. In the same vein, the SAC does not contain any facts demonstrating that Plaintiff's computer could not perform up to its technical specifications regarding processer speeds. Even assuming the computer shuts down under the unique circumstance Plaintiff alleges, the SAC does not allege Plaintiff's computer did not perform at the speeds Defendant had allegedly promised.[6]

///

///

---

[6] The SAC alleges, inter alia, that Defendant represented the MacBook Pro features "intel (sic) quad-core i7 processors up to 2.3 GHz" that "provide up to 3x faster performance than the previous generation." (SAC ¶ 25.) The SAC further alleges the "energy-efficient processor architecture" helps "improve battery life." (Id.)

Accordingly, the SAC identifies no representation from Defendant that the shutdown would never happen and contains no allegations that Plaintiff's computer could not work as fast as promised. As such, the SAC again lacks any affirmative representations by Defendant that Plaintiff can plausibly claim to be false.

Moreover, Defendant's battery and processor-related performance promises were accompanies by the qualifier "up to,"[7] (see, e.g., SAC ¶¶ 6, 9, 25), and the caveat that "[b]attery life and charge cycles vary by use and settings," (see Klestoff Decl. ¶¶ 2-3, Exs. A, B). As the Ninth Circuit explained, a "reasonable consumer would not have been deceived by statements, which included the qualifier 'up to' [meaning the same or less than] and an explanation that each consumer's maximum speed would vary depending on several . . . factors." Maloney v. Verizon Internet Servs., Inc., 413 F. App'x 997, 999 (9th Cir. 2011). Thus, given Defendant's disclaimers and caveats, Plaintiff has failed to demonstrate that his reliance on any alleged battery or processor-related performance representation was justifiable.

Further, as the Court stated in its previous Order, Defendant's remaining representations regarding the MacBook's performance amount to nothing more than puffery and thus are not actionable as fraud or intentional misrepresentation. (See ECF No. 35, at 10-11.) In particular, in support of its common law causes of action, Plaintiff again relies on Defendant's statements characterizing the MacBook Pro as "breakthrough, through and through" and as a computer providing for "huge leaps in performance." (SAC ¶¶ 5-6.) Such "[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely." See Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (citing Glen Holly Entertainment, Inc. v. Tektronix Inc., 343 F.3d 1000, 1015 (9th Cir. 2003)).

///

///

---

[7] In particular, Defendant allegedly promised the MacBook would run "up to twice as fast as the previous generation" of computers and could "surf the web wirelessly for up to 7 hours on a single charge." (SAC ¶¶ 9, 25.)

Accordingly, Plaintiff's fraud and intentional misrepresentation claims, as pled, do not state a plausible claim for relief because the SAC fails to allege that Defendant ever promised the MacBook Pro would operate other than it did.

Finally, Plaintiff's concealment claim once again fails to demonstrate that Defendant had a duty to disclose the alleged shutdown issue or that Defendant actually concealed the purported defect from Plaintiff at the time of purchase. See Baltazar II, 2011 WL 3795013, at *5 (no claim for fraudulent omission when Defendant's advertisements depicted iPad being used outdoors but the product allegedly would not function without interruption under all external conditions); Hovsepian v. Apple, Inc., 2009 WL 5069144, at *3 (N.D. Cal. Dec. 17, 2009) (general allegations regarding concealment insufficient). As analyzed above, Defendant never represented that the MacBook Pro would always run at the represented speeds, or that the computer would achieve several hours of battery life under all uses and operating conditions. To the contrary, Defendant disclosed to Plaintiff that the MacBook Pro "may adjust processor speed as needed to maintain optimal system operation," and that "[b]attery life and charge cycles vary by use and configuration." (Klestoff Decl. Exs. A, B.) Accordingly, Plaintiff's concealment claim fails.

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's misrepresentation claim (second cause of action) and fraud and concealment claim (third cause of action) is GRANTED. At this point in time, the Court has serious doubts that Plaintiff will be able to state any plausible claim based on Defendant's alleged misrepresentation if afforded leave to amend. However, in light of the liberal standard for granting leave to amend, the Court will give Plaintiff one last opportunity to state a viable claim for intentional misrepresentation, fraud and concealment. Accordingly, the Court dismisses Plaintiff's second and third causes of action with final leave to amend.

///

///

///

**2.      Plaintiff's Statutory Claims.**

As the Court explained in its previous Order, Plaintiff's statutory claims under California's UCL and CLRA are wholly dependent on the viability of his misrepresentation and concealment claims.  (See ECF No. 35, at 12.)  Because Plaintiff once again failed to plead any actionable misrepresentation or omission, his statutory claims fail for the same reasons as did his common law claims.

California's UCL makes actionable "any unlawful, unfair or fraudulent business act." Cal. Bus & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007). Claims arising out of the "unlawful" prong "borrow[ ] violations of other laws and treat[ ] them as unlawful practices that the unfair competition law makes independently actionable." Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "A UCL claim predicated on unfair business practices may be grounded upon a violation of a statute or be a standalone claim based on an alleged act that violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits." Hovsepian, 2009 WL 5069144, at *4 (internal citations and quotation marks omitted). "A claim based upon the fraud prong may be brought based upon conduct akin to common-law fraud or an alleged course of conduct that is likely to deceive the public." Id.

For its part, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. "The CLRA proscribes both active misrepresentations about the standard, quality, or grade of goods, as well as active concealment related to the characteristics or quality of goods that are contrary to what has been represented about the goods." Morgan v. Harmonix Music Sys., Inc., 2009 WL 2031765, at *3 (N.D. Cal. July 7, 2009).

///

10

1    As analyzed above, Plaintiff has failed to plead the existence of any actionable
2    misrepresentation or omission, let alone a violation of a law or other unfair or fraudulent
3    practice, capable of supporting a cause of action under either the UCL or the CLRA.
4    See, e.g., Baltazar I, 2011 WL 588209, at *4-5 (failure to adequately allege
5    misrepresentation, omission or other wrongdoing fatal to UCL and CLRA claims);
6    Berenblat v. Apple., Inc., 2009 WL 2591366, at *5 (N.D. Cal. Aug. 21, 2009) (failure to
7    disclose defect in product that nonetheless performs as warranted during the warranty
8    period does not provide basis for UCL violation).
9    　　　Accordingly, Defendant's Motion to Dismiss Plaintiff's statutory claims (fourth and
10   fifth causes of action) is GRANTED.  Plaintiff is given final leave to amend for these
11   causes of action.  No further leave to amend will be given.

**B. Defendant's Motion to Dismiss Plaintiff's Products Liability Claim.**

15   　　　Defendant moves to dismiss Plaintiff's products liability claim as barred by the
16   economic loss rule.  Under California law, "where damage consists solely of 'economic
17   losses,' recovery on a theory of products liability is precluded."  Sacramento Regional
18   Transit Dist. v. Grumman Flxible, 158 Cal. App. 3d 289, 293 (1984).  "Economic loss or
19   harm" has been defined by California courts as "damages for inadequate value, costs of
20   repair and replacement of the defective product or consequent loss of profits-without any
21   claim of personal injury or damages to other property."  Id.  (internal citations and
22   quotation marks omitted).  Therefore, Plaintiff must allege damage to "property other
23   than the product itself" to state a viable products liability claim.  Kalitta Air, L.L.C. v. Cent.
24   Texas Airborne Sys., Inc., 315 F. App'x 603, 605 (9th Cir. 2008).
25   　　　Plaintiff has failed to allege any personal injury or damages to other property
26   apart from "the manifestation of the defect itself."  See Sacramento Regional Transit
27   Dist., 158 Cal. App. 3d at 294.
28   ///

11

Instead, Plaintiff claims that the alleged defect "caused economic damage," deprived Plaintiff of his "benefit of the bargain," and caused Plaintiff to pay "more for the product than it was worth." (SAC ¶¶ 32-33.) These are typical economic losses not recoverable in a tort action based on products liability. Therefore, the economic loss rule bars Plaintiff's products liability claim.

In its previous Order, the Court emphasized that Plaintiff could not recover on his products liability claim in the absence of allegations demonstrating either personal injury or damages to other property. (ECF No. 35, at 16-17.) However, Plaintiff has failed to cure the complaint's deficiency and has added no new allegations that would allow him to avoid the same result with respect to the SAC. Most troubling, however, is Plaintiff's failure to address the products liability cause of action at all in his opposition to Defendant's motion to dismiss. Thus, it appears clear that Plaintiff cannot state a viable claim for relief based on the products liability theory. Accordingly, the Court concludes that any further leave to amend this claim would be futile and dismisses Plaintiff's products liability claim (first cause of action) without leave to amend.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 39) is GRANTED, consistent with the foregoing, as follows:

1. Plaintiff's SECOND, THIRD, FOURTH and FIFTH claims for intentional misrepresentation, fraud and concealment and for violations of California's Unfair Competition Law and Consumers Legal Remedies Act are DISMISSED WITH LEAVE TO AMEND.

2. Defendant's FIRST claim for products liability is DISMISSED WITHOUT LEAVE TO AMEND.

3. Defendant's Request to Strike Declaration of Anthony A. Ferrigno (ECF No. 43) is GRANTED.

1   Plaintiff is directed to file an amended complaint, should he choose to do so,
2   within twenty (20) days from the date this Order is electronically filed.  If no amended
3   complaint is filed within said twenty (20) days, this action will be dismissed without leave
4   to amend and without any further notice from the Court, and the Clerk of the Court will be
5   directed to close the file.
6       IT IS SO ORDERED.
7   DATED: January 29, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE